IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| **Glynndeavin von Fox,** ) | **Case No. 2:16-cv-228-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **The State of South Carolina,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

Pending is the *pro se* Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" ("IFP"). (DE# 3). In the twentieth of many civil actions filed recently in this Court,[1] Plaintiff sues the State of South Carolina. Pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Pursuant to Local Civil Rule 73.02(B)(2) (D.S.C.), the Magistrate Judge is authorized to review the complaint and to submit findings and recommendations to the District Judge.[2] Upon review, the Magistrate Judge recommends that the Plaintiff's motion to proceed IFP be **denied** and that the case be **summarily dismissed** for the following reasons:

**I. Relevant Law**

**A. Liberal Construction for *Pro se* filings**

This Court is required to liberally construe *pro se* pleadings, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5 (1980) (per curiam). ). The liberal construction afforded *pro se* pleadings means

---

[1] See D.S.C. Case Nos. 2:16-cv-98; 2:16-cv-106; 2:16-cv-131; 2:16-cv-132; 2:16-cv-136; 2:16-cv-179; 2:16-cv-180; 2:16-cv-181; 2:16-cv-182; 2:16-cv-183; 2:16-cv-184; 185; 2:16-cv-186; 2:16-cv-197; 2:16-cv-188; 2:16-cv-209; 2:16-cv-225; 2:16-cv-227; 2:16-cv-228; 2:16-cv394.

[2] The Fourth Circuit Court of Appeals recently held that an order denying leave to proceed IFP is the "functional equivalent" of a dismissal, and thus, is outside the scope of a magistrate's authority. *Hunter v. Roventini*, 617 F. App'x 225, 226 (4th Cir. 2015) (unpublished).

that if the court can reasonably read the pleadings to state a valid claim, it should do so, but a district court may not rewrite a petition to "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985), *cert. denied*, 475 U.S. 1088 (1986). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't. of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

### B. Applications to Proceed IFP

A plaintiff may pursue a civil action in federal court without prepayment of the filing fee if he submits an affidavit containing a statement of his assets and demonstrates that he cannot afford to pay the required filing fee. 28 U.S.C. § 1915(a)(1). The purpose of the IFP statute is to assure that indigent persons have equal access to the judicial system by allowing them to proceed without having to pay the filing fee. *Flint v. Haynes*, 651 F.2d 970, 973 (4th Cir.1981), *cert. denied*, 454 U.S. 1151 (1982). A plaintiff does not have to prove that he is "absolutely destitute to enjoy the benefit of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U .S. 331, 339 (1948).

An affidavit to proceed IFP is sufficient if it states facts indicating that the plaintiff cannot afford to pay the filing fee. *Adkins*, 335 U.S. at 339. If a court determines at any time that the allegation of poverty in an IFP application is not true, then the court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(A); *and see, e.g., Justice v. Granville Cty. Bd. of Educ.,* 2012 WL 1801949 (E.D.N.C. May 17, 2012) ("dismissal is mandatory if the court concludes that an applicant's allegation of poverty is untrue"), *affirmed by*, 479 F. App'x 451 (4th Cir. Oct. 1, 2012), *cert. denied*, 133 S.Ct. 1657 (2013); *Berry v. Locke*, 2009 WL 1587315, *5 (E.D.Va. June 5, 2009) ("Even if Berry's misstatements were made in good faith, her case is subject to dismissal because her allegation of poverty was untrue"), *appeal dismissed*, 357 F. App'x 513 (4th Cir. 2009).  Prior

to statutory amendment in 1996, courts had discretion to dismiss a case if it determined that an allegation of poverty was untrue. *See Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The 1996 amendment changed the words "may dismiss" to "shall dismiss." Mandatory dismissal is now the majority view, and district courts in the Fourth Circuit have adhered to the majority view. *See, e.g., Justice*, 2012 WL 1801949, *6 n.5; *Staten v. Tekelec*, 2011 WL 2358221, *1 (E.D.N.C. June 9, 2011); *Berry*, 2009 WL 1587315, *5.

## II. Discussion

### A. IFP Not Warranted Based on Plaintiff's Affidavit

In his IFP motion dated January 22, 2016, Plaintiff indicates that he is employed by "Fox Consulting Firm" and that his "take-home pay or wages" are $1,200.00 monthly. (DE# 3, ¶ 2). On the printed form, he checks boxes indicating that in the past 12 months, he has received income from (a) business, profession, or other self-employment; (b) rent payments, interest, or dividends; (d) disability or worker's compensation payments; and (e) gifts or inheritances. (*Id.* ¶ 3). He did not check boxes (c) and (f). Plaintiff explains that the amount he received for (a) was $50.00; (b) $1,200.00; (d) $1,200.00; and (e) $500.00. (*Id.*). He indicates that he has $400.00 in his bank account. (*Id.* ¶ 4). [3] Plaintiff also indicates he has is "real estate and stocks" valued at $140,000.00. (*Id.* ¶ 5). Plaintiff indicates that he has no expenses for "housing, transportation, utilities, or loan payments, or other regular monthly expenses" and has "no debts or other financial obligations." (*Id.* ¶¶ 6, 8).

---

[3] In the many different cases filed by Plaintiff in this Court so far in 2016, his different IFP motions indicate bank account balances between $1,000.00 and $300.00. The Court may properly take judicial notice of such records. *See Philips v. Pitt Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record."); *Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("the most frequent use of judicial notice is in noticing the content of court records"). Additionally, the Court takes judicial notice of the fact that Plaintiff has filed numerous cases in the state courts, which have also denied him permission to proceed IFP and summarily dismissed the cases. *See, e.g.,* Charleston County Circuit Court Case Nos. 2016CP1000297; 2016CP1000320; 2016CP1000321; 2016CP1000322; 2016CP1000352; 2016CP1000515; 2016CP1000516.

Plaintiff indicates he has monthly income of $1,200.00, assets of $140,000.00, and no debts, which indicates that he has the ability to pay the filing fee in this case (and other cases). *See Justice,* 2012 WL 1801949, *3 (denying IFP status where plaintiff indicated he owned real and personal property with a total value of $113,500.00 because "the benefit of filing IFP was not intended to allow individuals with significant real and personal property interests to avoid paying a filing fee of $350.00 in each case"). Based on the record presently before the Court, it appears that Plaintiff can pay the filing fee in this case. (*Id*. at *5, "the court does not agree that plaintiff is actually impoverished," thus denying IFP status and dismissing four civil lawsuits by the same *pro se* plaintiff). This case should therefore be dismissed. 28 U.S.C. § 1915(e)(2)(A); *see also Thomas v. GMAC*, 288 F.3d 305, 306 (7th Cir.2002) ("Because the allegation of poverty was false, the suit had to be dismissed; the judge had no choice."); *Justice,* 2012 WL 1801949 at *6 n. 5.[4]

### B. The Complaint is Frivolous, Fails to State a Claim, and Attempts to Sue a Party Protected by Immunity

The Complaint is also subject to dismissal because it is frivolous and fails to state a claim for which relief may be granted. See 28 U.S.C. § 1915(e)(2)(B)(i, ii).[5] The United States Supreme Court has explained that a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] complaint, containing as it

---

[4] When denying leave to proceed IFP, the dismissal may be with or without prejudice, in the court's discretion. See *Staten*, 2011 WL 2358221, *2 (indicating that dismissal with prejudice "for an untrue allegation of poverty … is appropriate only when the applicant intentionally misrepresented his … financial condition, acted with bad faith, and/or engaged in manipulative tactics or litigiousness"); *Berry*, 2009 WL 1587315, *5 (same, citing *Thomas*, 288 F.3d at 306-308); *In re Sekendur*, 144 F. App'x at 555 (7th Cir. 2005) ("a court faced with a false affidavit of poverty may dismiss with prejudice in its discretion"). While Plaintiff appears "litigious," the record does not establish that Plaintiff "intentionally misrepresented his financial condition." Rather, the facts in his affidavit simply do not indicate that he is entitled to proceed IFP. Hence, dismissal without prejudice may be appropriate.

[5] The United States Supreme Court has observed that courts possess the inherent authority to dismiss a frivolous case, even in cases where a plaintiff has paid the filing fee. *Mallard v. U.S. District Court*, 490 U.S. 296, 307-308 (1989).

does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S 319, 325 (1989).

Plaintiff's allegations are difficult to follow. For example, Plaintiff refers nonsensically to:

> the malicious intent of the State of South Carolina to even attempt to control a court trial in its pre-trial position through the 9th Circuit Court Solicitor Scarlet A. Wilson, the Charleston County Clerk of Court (Through the dastardly attempt to showcase medical information to influence future jurors and a population), the State Department of Mental Health, (Through false reporting on a document that the complainer says she did not call over. Also, the private medical doctor in the matter who is being sued in a state and federal court for attempted murder through medication, says that the medicine regimen is enough)….

(DE# 1 at 6). Plaintiff makes disconnected references to various "issues" raised in other lawsuits. He complains of being "deported" from Japan and concludes that "[t]his shows that the State of South Carolina is intent on existing as a foreign country without being included in the United Nations Charter." (*Id.*). Plaintiff refers to his two state criminal cases from 2013 and indicates that "[t]his is the first reasoning that I request that the trial be removed into a United States of America Federal District Court System." (*Id.*). Plaintiff miscomprehends the "removal" procedure, which pertains to the removal of a civil case from state to federal court when a proper basis for federal jurisdiction exists. Plaintiff may not "remove" a state criminal prosecution to federal court.

The United States Supreme Court has held that federal courts generally may not interfere with state criminal cases. *Younger v. Harris*, 401 U.S. 37, 44 (1971). "[A]bsent extraordinary circumstances, federal district courts are not authorized to interfere with a state's pending criminal proceedings." *Green v. Dewitt*, Case No. 8:06-0626-MBS-BHH, 2006 WL 1074983, *3 (D.S.C.2006) (summarily dismissing for several reasons, including that plaintiff's claims regarding his arrest and pending criminal charges were barred, and observing that "because the … charges are still pending, summary dismissal of Plaintiff's Complaint to the extent that it addresses

Plaintiff's claims about his arrest and subsequent confinement is proper under 28 U.S.C. § 1915(e)(2)(B)").

For his second "issue," Plaintiff appears to be complaining about his legal representation in a proceeding before the Berkeley County Family Court. He alleges that "the use of attorney's (sic) in the State of South Carolina have (sic) proved to be disastrous to my Civil Rights…." (DE# 1 at 6, punctuation and grammar as in original). Plaintiff's allegations make little sense. (*Id*. at 6 "they have all gone either to the University of South Carolina School of Law, or the Charleston School of Law, which show the intent to become malicious towards me from an academic standpoint because of my national origin, my race as a Native American, and my religious affiliation with the Church of England and the Vatican."). These allegations are nonsensical. Plaintiff also complains about the state Pre-Trial Intervention program and contends that he "does not need anger counselling through the State of South Carolina." (*Id*.). Such allegations fail to state a plausible claim for relief.

For his third "issue," Plaintiff complains that the "9th circuit court solicitor's office" (and specifically prosecutor Stephanie Linder) is "trying to make me take medicine" and "references me in a fashion that would dictate taking me down in an animalistic fashion, which I think is a reference to Native American culture of taking slaves…" (DE# 1 at 7-8). Plaintiff complains about the state Pre-Trial Intervention program and "allowance of a Law Enforcement Officer to predict a medical diagnosis." (*Id*. at 8). He states that he "has checked INTERPOL to make sure that the issue in Japan was not a conviction as was stated by my Tokyo, Japanese attorney Sakei Komori who fought diligently for my release from immigration by taking on the puppet court show by the Japanese prosecutor…" (*Id*.). Again, such allegations fail to state a plausible claim for relief.

Additionally, to the extent Plaintiff is suing state prosecutors, such as Solicitor Wilson and Asst. Solicitor Linder, they are immune from claims for monetary damages under § 1983 for actions taken in their prosecutorial roles. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993) ("[A]cts undertaken by a prosecutor … which occur in the course of h[er] role as an advocate for the State, are entitled to the protections of absolute immunity."); *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (prosecutors have immunity for performing functions "intimately associated with the judicial phase of the criminal process"); *Nivens v. Gilchrist*, 444 F.3d 237, 249-50 (4th Cir. 2006) (same).

Plaintiff's allegations, even when liberally construed, lack an arguable basis either in law or in fact. Plaintiff alleges no facts that could be reasonably construed as stating a plausible claim. The Complaint's allegations are nonsensical and appear to be the "ramblings of a troubled mind." *See, e.g., Arledge v. Hall,* 2006 WL 1518915, *1 (S.D.Ga. May 31, 2006) ("these various complaints are utterly fanciful and are clearly the product of a troubled mind that is … having difficulty grappling with reality"). Even liberally construing the Complaint, and taking any nonconlusory allegations as true, this case is subject to summary dismissal. *See, e.g., Cabbil v. United States*, Case No. 1:14-cv-04122-JMC-PJG, 2015 WL 6905072, *1 (summarily dismissing without prejudice on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were legally and factually frivolous); *Willingham v. Cline*, 2013 WL 4774789 (W.D.N.C. Sept. 5, 2013) (dismissing case on multiple grounds, including that Plaintiff was not entitled to proceed IFP, and that the allegations of the Complaint were frivolous and failed to state a claim for relief).

Although Plaintiff names the State of South Carolina as a defendant, the State of South Carolina is protected from suit by the Eleventh Amendment. The United States Supreme Court has

repeatedly held that "an unconsenting State is immune from suits brought in federal courts by her own citizen." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). Such immunity extends to arms of the state, including a state's agencies and courts. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 101–02 (1984). The State of South Carolina is protected from Plaintiff's claims by the Eleventh Amendment. *Alden v. Maine*, 527 U.S. 706, 712–13 (1999). South Carolina has not consented to suit in federal district court. S.C.Code Ann § 15–78–20(e). *Davis v. Wilson*, 539 F.App'x 145 (4th Cir.(S.C.), Sep. 4, 2013), *cert. denied*, 134 S.Ct. 940 (2014).

### C. Plaintiff Requests relief that is unavailable or inappropriate

Finally, the *pro se* Plaintiff seeks relief that is unavailable or inappropriate. (DE# 1 at 11, "What I Would Like the Court to Do"). He refers to the "great endeavor of changing venues of State of South Carolina court cases in order to gain my rights as an American, which General George Washington fought so valiantly for at Valley Forge." Plaintiff indicates he wants his state prosecutions removed to federal court, perhaps as "far as the United States of America of California" or "New York." State criminal prosecutions are not subject to "removal" to federal court. Plaintiff also fails to indicate any coherent facts suggesting that venue or jurisdiction would be appropriate in this federal court or in the federal courts of California and New York.

### III. Recommendation

Accordingly, the Magistrate Judge **RECOMMENDS** that the Plaintiff's "Motion for Leave to Proceed *in forma pauperis*" (DE# 3) be **denied**, and that this case be **summarily dismissed**, without prejudice, and without issuance and service of process.

February 16, 2016  
Charleston, South Carolina

_____  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

The plaintiff's attention is directed to the ***Important Notice*** on following page:

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).